103 F.3d 129
 78 A.F.T.R.2d 96-7522, 97-1 USTC P 50,101
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard W. GLENN and Ann S. Glenn, Petitioners-Appellants
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-2301.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1996.
 
 Before: KEITH, MERRITT and SUHRHEINRICH, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 The Commissioner of Internal Revenue asserted income tax deficiencies and penalties against petitioners Mr. and Mrs. Glenn. Specifically, the Commissioner disallowed deductions for expenses associated with the Glenns' dog breeding activities because the activity was found to be a hobby rather than a commercial business motivated by profit, as defined by § 183 of the Internal Revenue Code. The Commissioner has imposed a penalty for the negligent preparation of the tax return in claiming these deductions. The Tax Court conducted a trial and agreed with the Commissioner on both issues.
 
 
 2
 Upon review of the record in the case and the opinion of the Tax Court, we conclude that the Tax Court was clearly correct in both its ruling disallowing the deductions and on the penalty phase of the case. Accordingly, we affirm the ruling of the Tax Court for the reasons set out in the opinion of the Tax Court written by Judge Laro found beginning at page 27 of the Appendix.
 
 
 3
 We fail to understand how the petitioners could really expect to win this appeal contending that they were engaged in commercial dog breeding activities for profit, in light of the following finding by the Tax Court, a finding that appears to be fully supported by the record and that is not really contested by the petitioners:
 
 
 4
 During 1991, petitioners applied for a special land use from the Charter Township of Independence (Michigan), in order to keep more dogs on their property than allowed by the zoning rules. Petitioners filed their application after Mrs. Glenn was criminally cited for having on her property: (1) An illegal kennel, (2) unlicensed dogs, and (2) too many dogs. At the township's hearing on petitioners' application, petitioners stated that their dog-breeding activity was a hobby, rather than a business, and that they were not going to convert the activity into a business. Based on petitioners' representations, the township approved the application subject to the proviso that petitioners' breeding activity would not be involved in a commercial purpose.
 
 
 5
 J.A. pp. 46-47.
 
 
 6
 This finding undermines their present contention. They cannot have it both ways. They cannot be engaged purely in a hobby for purposes of securing a variance under the local zoning rules from the local government and at the same time be engaged in a commercial business for the purpose of securing a deduction under the Internal Revenue Code. Like the Tax Court, we believe they described their activity best before the local government.
 
 
 7
 Accordingly, the ruling and judgment entered by the Tax Court is AFFIRMED.